WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Renee Akers,<br><br>    Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-17-04751-PHX-ESW<br><br>**ORDER** |

    Pending before the Court is Plaintiff Tammy Renee Akers' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her claim for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11).

    After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 14, 15, 16), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for further proceedings.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for Supplemental Security Income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

---

[2] *Parra*, 481 F.3d at 746.

229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1967, has worked as an office manager and an apartment manager. (A.R. 25, 105). In 2012, Plaintiff filed applications for disability insurance benefits and supplemental security income. (A.R. 338-48). Plaintiff's applications alleged that on July 25, 2011, Plaintiff became unable to work due to two damaged discs in Plaintiff's back, damage to Plaintiff's right knee and toes, and depression. (A.R. 105, 122). Social Security denied the applications in August 2013.

(A.R. 214-21). In December 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 225-30). Plaintiff sought further review by an ALJ, who conducted a hearing on December 11, 2014. (A.R. 46-64). In a February 9, 2015 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 183-203). The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case to an ALJ for further proceedings. (A.R. 206-07).

On remand, a different ALJ held a second administrative hearing on April 18, 2017. (A.R. 65-102). On July 17, 2017, the ALJ issued a decision finding that Plaintiff became disabled within the meaning of the Social Security Act on September 20, 2016. (A.R. 26-27). The ALJ determined that Plaintiff was capable of performing her past relevant work prior to September 20, 2016. (A.R. 25). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On December 22, 2017, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 25, 2011, the alleged onset disability date. (A.R. 17). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) obesity; (ii) degenerative disc disease of the lumbar spine, (iii) unspecified arthropathy of the right knee, and (iv) chronic pain syndrome. (A.R. 17). The ALJ's step two determination is undisputed.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 19). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that prior to September 20, 2016, Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light exertional work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (A.R. 20). The ALJ determined that beginning on September 20, 2016, Plaintiff retained the RFC to perform light work subject to a number of restrictions, such as having "mild difficulty making judgments on complex work-related decisions, "mild difficulty" interacting appropriately with supervisors and co-workers, and "mild difficulty responding to usual work situations and to changes in routine work settings." (A.R. 24).

After considering the testimony of a vocational expert ("VE") and Plaintiff's RFC, the ALJ determined that Plaintiff became unable to perform her past relevant work beginning on September 20, 2016. (A.R. 26).

Plaintiff challenges the ALJ's determination that Plaintiff could perform her past relevant work prior to September 20, 2016. (Doc. 14). Plaintiff asserts that the ALJ improperly weighed the opinions of certain medical sources and discredited Plaintiff's subjective complaints.

### 5. Step Five: Capacity to Perform Other Work

At the final step, the ALJ found that Plaintiff was unable to perform other jobs existing in significant numbers in the national economy beginning on September 20, 2016. (A.R. 26-27). This determination is unchallenged.

### C. Plaintiff's Challenge at Step Four

#### 1. The ALJ Failed to Give Clear and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding Plaintiff's Alleged Impairments

When evaluating the credibility of a claimant's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a claimant must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a claimant meets the first step, and there is no evidence of malingering, the ALJ can only reject a claimant's testimony about the severity of his or her symptoms by offering clear and convincing reasons that are supported by substantial evidence in the record. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the claimant's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a claimant's credibility, the ALJ can consider many factors including: a claimant's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the claimant's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence). In addition, although the lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his or her credibility analysis. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *see also* 20 C.F.R. 404.1529(c); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff argues that the ALJ erred in discrediting Plaintiff's testimony regarding her subjective symptoms. In Section 5 of the ALJ's decision, the ALJ explained the two-step process to be used in determining the credibility of a claimant's symptoms. (A.R. 20-21). After summarizing Plaintiff's symptom testimony, the ALJ stated that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms "are not fully supported prior to September 20, 2016." (A.R. 21). The ALJ then provided his reasons for discounting Plaintiff's testimony. Because the ALJ did not find that Plaintiff was malingering, those reasons must be clear and convincing and supported by substantial evidence in the record. *Lingenfelter*, 504 F.3d at 1036.

In explaining why he discounted Plaintiff's symptom testimony, the ALJ first states that Plaintiff's "level of daily activity is not consistent with the level of limitations alleged." (A.R. 21). The ALJ discussed Plaintiff's reported activities of daily living, such as Plaintiff's ability to care for her children, prepare meals, and perform light housework. (*Id.*). The ALJ's statements ignore Plaintiff's testimony that she can only sit for about thirty minutes before needing to stand up or lie down and needs to lie down multiple times per day. (A.R. 87-88). Plaintiff explained during the April 2017 hearing that she lies down "a lot" as it relieves the pain in her lower back. (A.R. 97). The Court finds that the ALJ has not adequately explained how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day").

The ALJ also noted that consultative examiner Shelton Psy.D. found that Plaintiff "showed only variable effort and was not cooperative with testing." (A.R. 21). This is

not a sufficient sole reason for discounting Plaintiff's testimony regarding her physical symptoms.

Finally, the ALJ concluded that the "[o]bjective medical evidence does not fully support the level of limitation alleged." (*Id.*). Although the lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his or her credibility analysis. *See* 20 C.F.R. § 404.1529(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The Court does not find that the ALJ's decision sufficiently explains how the medical evidence contradicts Plaintiff's symptom testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (explaining that the Court cannot "speculate as to the grounds for the ALJ's conclusions"); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citation omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").

For the above reasons, the Court concludes that the ALJ committed harmful error in discounting Plaintiff's symptom testimony regarding Plaintiff's ability to perform work prior to September 20, 2016.

### 2. The ALJ Failed to Give Specific and Legitimate Reasons for Discounting Dr. Alan Mallace's Opinion

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (ii) examining physicians, who examine but do not treat the claimant; and (iii) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that

are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id*. at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that the physician's opinion is inconsistent with and not supported by the record as a whole. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Plaintiff's treating physician Alan Mallace, M.D. provided a "Medical Assessment of Ability to Do Work-Related Physical Activities" that is dated August 27, 2014. (A.R. 995-96). Dr. Mallace opined that Plaintiff has severe pain and fatigue that causes physical limitations. (A.R. 996). Dr. Mallace opined that Plaintiff can sit for six hours in an eight-hour workday, can stand/walk for less than two hours in an eight-hour workday, and can lift/carry less than ten pounds. (A.R. 995). Dr. Mallace also assessed that it is medically necessary for Plaintiff to alternate between sitting, standing, or walking every 1-20 minutes. (*Id.*). In addition, Dr. Mallace stated that Plaintiff's medical condition would cause Plaintiff to miss six or more days of work a month. (A.R. 996). The parties agree that the ALJ could not reject Dr. Mallace's opinions without first providing specific and legitimate reasons supported by substantial evidence in the record.

In explaining why he discounted Dr. Mallace's opinion, the ALJ first explained that "Dr. Mallace's opinion is inconsistent with the record evidence. Notably, Dr. Mallace provided a simple check-the-box form and did not provide narrative justification or cite to specific records for the limitations assigned." (A.R. 22). The Ninth Circuit, however, has explained that "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight."

*Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.* An ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (stating that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments"). The Court finds that the ALJ's first reason for discounting Dr. Mallace's opinions is not sufficiently specific. *See Garrison*, 759 F.3d at 1013 (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

As another reason for discounting Dr. Mallace's opinions, the ALJ found that "Dr. Mallace's opinion of the claimant is contradicted by the claimant's level of daily activity, which includes providing childcare for several special needs children." (A.R. 22). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and

all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"). Although the ALJ correctly recounts that Plaintiff stated that she can lift a gallon of milk, the ALJ's decision does not sufficiently explain how this statement materially conflicts with Dr. Mallace's opinion that Plaintiff cannot lift/carry more than ten pounds in an eight-hour day. (A.R. 995).

For the above reasons, the Court finds that the ALJ discounted Dr. Mallace's opinions without providing specific and legitimate reasons that are supported by substantial evidence in the record. This is harmful error that requires remand.

### 3. The ALJ Failed to Discuss and Assign Weight to the Opinions of Nurse Practitioner Jacqueline Frasca

Nurse practitioners are considered "other sources." Opinions from "other sources" can be accorded "less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996), *superseded by regulation on other grounds as stated in Boyd v. Colvin*, 524 F. App'x 334 (9th Cir. 2013). However, an ALJ must provide "specific reasons germane to each witness for discounting that testimony." *Blodgett v. Comm'r of Soc. Sec. Admin.*, 534 F. App'x 608, 610 (9th Cir. 2013) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Coffman v. Astrue*, 469 F. App'x 609, 611 (9th Cir. 2012) ("Testimony from 'other sources,' such as nurse practitioners, can be disregarded for germane reasons."); *Rusten v. Comm'r of Social Sec. Admin.*, 468 F. App'x 717, 720 (9th Cir. 2012) ("A nurse practitioner is an 'other source' for the purposes of medical testimony, and as such, his opinion cannot be used to establish a medical impairment. An ALJ can give less weight to an 'other source' medical opinion by providing reasons germane to each witness for doing so.") (internal citations and quotations omitted).

The record contains a "Medical Assessment of Ability to Do Work-Related Physical Activities" that was completed by Plaintiff's treating nurse practitioner ("NP") Jacqueline Frasca in September 2013. (A.R. 879-80). As Plaintiff recounts in her Brief (Doc. 14 at 17), the ALJ failed to discuss NP Frasca's opinions and explain the weight

given to the opinions. Defendants assert that because many of NP Frasca's opinions are the same as Dr. Mallace's opinions, the error in failing to discuss NP Frasca's opinions is harmless. (Doc. 15 at 5-6). However, the Court has found that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for discounting Dr. Mallace's opinions. On remand, the ALJ shall address and assign weight to NP Frasca's opinions.

### 4. Remand for Further Proceedings is Appropriate

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*
>
> 3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining

that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

The record raises crucial questions as to whether Plaintiff's impairments did in fact preclude her from maintaining employment prior to September 20, 2016 (the date the ALJ determined Plaintiff became disabled). For instance, a May 13, 2014 treatment note from the Pain Center of Arizona states: "Adequate pain relief stated with current medication regimen allowing patient to remian [sic] active and functional with a good quality of life." (A.R. 936). This is reiterated in a number of subsequent treatment records. (*See, e.g.*, A.R. 1051, 1056, 1060). A September 23, 2015 treatment record states "The patient reports adequate pain relief with current medications. This course of treatment provides for adequate function, and continues to maintain their [sic] current quality of life." (A.R. 1201). In addition, in an October 11, 2011 behavioral health assessment, Plaintiff reported: "I feel trapped because I cannot work and I am the only one who can deal with my younger child who has a lot of behavioral problems. I have resentment toward my middle son because he requires so much of my attention and I cannot work. Financially we are struggling and **I can really use a job but I cannot because he is so sick**." (A.R. 738) (emphasis added).

The above factual conflicts are significant and should be resolved through further administrative proceedings. *See Treichler*, 775 F.3d at 1105 (finding that crucial questions as to the extent of a claimant's impairment given inconsistencies between the claimant's testimony and the medical evidence in the record are "exactly the sort of issues that should be remanded to the agency for further proceedings"); *see also Greger*

*v. Barnhart* 464 F.3d 968, 972 (9th Cir. 2006) (stating that so long as the ALJ "specifically identif[ies] what testimony is credible and what testimony undermines the claimant's complaints . . . questions of credibility and resolutions of conflicts in the testimony are functions solely of the [ALJ]") (citation omitted).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate. The Clerk of Court is directed to enter judgment accordingly.

Dated this 25th day of January, 2019.

_____
Eileen S. Willett
United States Magistrate Judge